IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LIN XIAN WU, | : | CIVIL NO. 3:CV-12-1148 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| DAVID EBBERT, | : | |
| | : | |
| Respondent | : | |

## MEMORANDUM

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) filed by petitioner Lin Xian Wu, a federal inmate incarcerated at the United States Penitentiary at Canaan, Waymart, Pennsylvania. Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.4[1], and, for the reasons set forth below, the petition will be dismissed for lack of jurisdiction.

I. **Background**

In May 2003, petitioner and his co-defendants were tried on multiple criminal counts including conspiracy, extortion, robbery, and firearms violations. United States v. Zhou, 428 F.3d 361 (2d Cir. 2005). On May 29, 2003, after a two-week trial, petitioner was found guilty on multiple counts of robbery, conspiracy, and using a firearm. United States v. Zhou, 428 F.3d 361, 368 (2d Cir. 2005); United States v. Wu, Nos. 02 CR. 271 (GEL), 09 Civ. 5612 (GEL), 2009 WL 3053741, at * 1 ( S.D.N.Y. Sept 17, 2009). On September 25, 2003,

---

[1]These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. See R. GOVERNING § 2254 CASES R.1(b)

he was sentenced to a term of imprisonment of fifty-seven months on Counts One, Two, Four, Five, Seven, Eight, Ten and Eleven to be followed by an aggregate consecutive term of imprisonment of 984 months on Counts Three, Six, Nine, and Twelve. Zhou, 428 F.3d at 369).

He filed a joint appeal with co-defendant Chen Xiang (collectively referred to as Appellants), and raised the following issues:

> Appellants challenge as unduly prejudicial the admission at trial of evidence of the six prior uncharged crimes; Appellants also challenge, on Confrontation Clause grounds, the admission of evidence relating to Li Wei's plea allocution. In addition, Appellants assert that the evidence of their guilt with respect to the extortion-related counts was legally insufficient, regardless of the admissibility of any particular evidence and, therefore, that the convictions of Appellants under Counts One and Two must be reversed. Appellants also assert that, as a consequence of this insufficiency, the convictions of Appellants under Count Three-for using a firearm in connection with the extortion-related crimes-must also be reversed. Finally, Lin challenges the District Court's denials of his requests to be examined by an independent psychologist and to have a competency hearing.

Zhou, 428 F.3d at 369. On November 1, 2005, the appellate court reversed the convictions on Counts One, Two, and Three and remanded for re-sentencing on the remaining counts. (Id. at 381.) On September 15, 2006, petitioner was re sentenced to fifty-one months' imprisonment for the robbery and conspiracy to commit robbery convictions and 684 months' imprisonment for the firearms convictions. United States v. Zhou, 268 F. App'x 139, 140. (2d Cir. 2008).

He also appealed from this sentence. The superior court affirmed the judgment of the district court as follows:

> Wu contends that the mandatory sentence for his § 924(c) convictions is unconstitutional because it prevented the district court from considering his individual circumstances. Because Wu's mandatory minimum sentence of 684 months' imprisonment for conviction of three counts of § 924(c) is less than the statutory maximum sentence of life imprisonment for these convictions, see United States v. Johnson, 507 F.3d 793, 798 (2d Cir.2007), this sentence is not unconstitutional. Harris v. United States, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002) (upholding the constitutionality of mandatory minimum sentencing provision in § 924(c)); see also Chapman v. United States, 500 U.S. 453, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991) (holding that a court may impose a statutory sentence unless it is cruel and unusual in violation of the Eighth Amendment or based on arbitrary classifications in violation of the Due Process Clause). Nor is the sentence unconstitutional because application of the mandatory minimum provision "narrow[s] the range within which a judge may exercise sentencing discretion." United States v. Estrada, 428 F.3d 387, 390 (2d Cir.2005). Wu also argues that the mandatory minimum sentence violates 18 U.S.C. § 3553(a), by prohibiting the court from "impos[ing] a sentence sufficient, but not greater than necessary to comply with the purposes set forth in paragraph (2) of this subsection." Although the sentencing court has limited authority to impose a sentence below a statutory minimum, see 18 U.S.C. § 3553(e) & (f), its application of a statutory minimum sentencing provision is not substantively unreasonable in this case. See Fernandez, 443 F.3d at 26-27 (reviewing a district court's sentence for reasonableness). In addition, the record reflects that the district court considered the factors in § 3553(a) when sentencing Wu.

Zhou, 268 F. App'x at 140. He petitioned the United States Supreme Court for a writ of certiorari. The petition was denied. Wu v. United States, 554 U.S. 928 (2008).

Thereafter, he filed a motion pursuant to 28 U.S.C. § 2255 to set aside his conviction. arguing that his trial attorney was ineffective in failing to advise him of his right to testify in his own defense, in failing to advise him of the catastrophic consecutive sentencing consequences of conviction on multiple firearms counts, and in failing to move for dismissal of the three robbery counts for insufficiency of the evidence of an effect on interstate commerce. Wu, 2009 WL 3053741, at * 1. The motion was denied. Id. at *4. He filed a petition for writ of certiorari with the United States Supreme Court, which was denied on

October 4, 2010. <u>Wu v. United States</u>, 131 S.Ct. 296 (2010).

The instant petition was filed on June 18, 2012. (Doc. 1.) Therein, petitioner concedes that he filed a prior petition pursuant to 28 U.S.C. § 2241, but that the issues raised were "not same as Unconstitutional Act issues he is raising in the petition . . . where the miscarriage of justice in the U.S. District court for the Southern District of New York and the U.S. Government violated the 'Due Process' and the [']Interstate Commerce clause' which this honorable Court has jurisdiction to preside of the collateral review. . . ." (<u>Id.</u> at 9-10.)

## II. <u>Discussion</u>

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. <u>Okereke v. United States</u>, 307 F.3d 117 (3d Cir. 2002) (citing <u>Davis v. United States</u> 417 U.S. 333, 342 (1974)); see <u>In re Dorsainvil</u>, 119 F.3d 245 (3d Cir. 1997). Once relief is sought *via* section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law." 28 U.S.C. § 2255 (h); 28 U.S.C. 2244(3)(A).

Such claims may not be raised in a § 2241 petition except in unusual situations where the remedy by motion under § 2255 would be inadequate or ineffective. <u>See</u> 28 U.S.C. § 2255; see <u>Dorsainvil</u>, 119 F.3d at 251-52. Importantly, §2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. <u>See id</u>. at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed

4

on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251. Petitioner's has filed a motion pursuant to § 2255 motion which was denied. He fails to demonstrate that the § 2255 remedy is inadequate or ineffective to test the legality of his conviction and sentence.

Further, the remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. If a petitioner improperly challenges a federal conviction or sentence under section 2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1154, 1165 (3d Cir. 1971). Consequently, the court will dismiss this § 2241 petition for lack of jurisdiction.

An appropriate order will issue.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court

Dated: October 16, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LIN XIAN WU, : CIVIL NO. 3:CV-12-1148
:
      Petitioner :
: (Judge Munley)
v. :
:
DAVID EBBERT, :
:
      Respondent :

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

AND NOW, to wit, this 18th October 2012, upon consideration of the petition for writ of habeas corpus (Doc. 1), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The petition for writ of habeas corpus (Doc. 1) is DISMISSED for lack of jurisdiction.

2. The Clerk of Court is directed to CLOSE this case.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court